## DAIMLERCHRYSLER CORPORATION *v.*
## Gaylord SMELSER

07–1006                                    288 S.W.3d 569

### Supreme Court of Arkansas
### Opinion delivered October 9, 2008

*Barrett & Deacon, P.A.*, by: *Kevin W. Cole* and *Brandon J. Harrison*, for appellant.

PER CURIAM. Appellant DaimlerChrysler Corporation appeals from a judgment entered against it in the Columbia County Circuit Court for violation of the Arkansas New Motor Vehicle Quality Assurance Act, also known as "The Arkansas Lemon Law," codified at Arkansas Code Annotated sections 4–90–401 to –417 (Repl. 2001). Because Appellant has submitted a brief without a proper abstract in violation of Arkansas Supreme Court Rule 4–2(a)(5), we order rebriefing.

Rule 4–2(a)(5) provides, in pertinent part:

> The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

Furthermore, the procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Rule 4-2(b)(3):

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

In the instant case, a hearing was held on January 17, 2007, in which counsel for all parties argued the merits of the motion to enforce settlement filed by Appellant. Rather than abstracting the transcript of this hearing as required by Rule 4-2(a)(5), Appellant simply reproduces the transcript and labels it "Abstract."

Because Appellant has failed to comply with Rule 4-2(a)(5), we order Appellant to abstract the transcript of the January 17 hearing and to file a substituted abstract, addendum, and brief within fifteen days from the date of entry of this order. If Appellant fails to do so within the prescribed time, the judgment appealed from may be affirmed for noncompliance with Rule 4-2.

After service of the substituted abstract, addendum, and brief, Appellee shall have an opportunity to revise or supplement their briefs in the time prescribed by the Court.

Rebriefing ordered.